**IN THE COURT OF APPEALS OF IOWA**

No. 23-0010
Filed April 12, 2023

**IN THE INTEREST OF K.D. and A.D.,**
**Minor Children,**

**J.D., Father of K.D.,**
      Appellant,

**A.B., Father of A.D.,**
      Appellant.

_____

Appeal from the Iowa District Court for Polk County, Susan Cox, District

Associate Judge.

The biological father of each child appeals the termination of his parental

rights. **AFFIRMED ON BOTH APPEALS.**

Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant

father J.D.

Francis Hurley, Des Moines, for appellant father A.B.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney

General, for appellee State.

ConGarry Williams, Des Moines, attorney and guardian ad litem for minor

children.

Considered by Vaitheswaran, P.J., and Greer and Chicchelly, JJ.

**GREER, Judge.**

The biological father of K.D. (born in 2014) and the biological father of A.D. (born in 2017) separately appeal the termination of their respective parental rights.[1] We consider each father's appeal separately. *See In re J.H.*, 952 N.W.2d 157, 171 (Iowa 2020) ("[I]n termination of parental rights proceedings each parent's parental rights are separate adjudications, both factually and legally." (alteration in original) (citation omitted)). Our review is de novo. *Id.* at 166.

**I. K.D.'s Father.**

The juvenile court terminated the parental rights of the father of K.D. under Iowa Code section 232.116(1)(f) (2022), which allows for termination when the State proves:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

The father purports to challenge the fourth element—whether K.D. could have been placed in the father's care at the time of the termination trial in September 2022. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010) (interpreting "at the present time" as "at the time of the termination hearing"). But the father was living out of state and admittedly homeless at the time of the termination trial. We

---

[1] K.D. and A.D. share a biological mother. Her parental rights were also terminated; she does not appeal.

recognize he was the parent who had care of K.D. during the first few years of K.D.'s life—while the mother served a federal prison sentence—but he had not seen or been in contact with K.D. in approximately four years. The father was not in a position to take over K.D.'s care; the elements of section 232.116(1)(f) were met.

Next, the father argues the juvenile court should have granted him additional time to work toward reunification. *See* Iowa Code § 232.104(2)(b) (allowing the court to delay permanency when the need for removal will no longer exist after the extension). There are a number of barriers to returning K.D. to the father's care, including the father's history of substance abuse and domestic violence and his recent criminal conduct. And, according to a social worker's testimony, because the father lived in Illinois, "there was really not a way to complete solution-based case work services with him." So, we cannot point to any participation in services or expected behavioral changes that may end the need for K.D.'s removal. Under these facts, delaying permanency is not in K.D.'s best interests. *See In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially) ("The old policies underlying our previous notions of a child's best interests cannot be used by courts to circumvent the new policies that are meant to keep children from languishing in foster care.").

Finally, the father argues the permissive exception in section 232.116(3)(c) should be applied to save the parent-child relationship. *See* Iowa Code § 232.116(3)(c) (allowing the court to forego termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship"). As stated before, the

father has not been in contact with K.D. in about four years or approximately half of K.D.'s life. And he has not shown that K.D. will be disadvantaged by termination. *See D.W.*, 791 N.W.2d at 709 (explaining that "our consideration must center on whether the child will be disadvantaged by termination," not whether the parent loves the child); *see also In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018) (holding "the parent resisting termination bears the burden to establish an exception to termination").

We affirm the termination of K.D.'s father's parental rights.

## II. A.D.'s Father.

The juvenile court terminated the parental rights of A.D.'s father under section 232.116(1)(f). The father argues the statutory ground was not met because "the child could have been returned to his father." *See* Iowa Code § 232.116(1)(f)(4). He claims "[he] has participated as much as he could from his foreign prison" and "had put himself in a position where he could develop . . . a relationship" with A.D. But the father lives out of state, has no relationship with the child,[2] and was released from prison (where he was serving a multiple-year sentence for selling methamphetamine) just one week before the termination trial. We agree with the juvenile court that A.D. could not be placed in the father's care at the time of the termination trial under these facts.

Alternatively, the father requests additional time to work toward reunification. *See id.* § 232.104(2)(b). He argues he "earned the opportunity to show that he could parent the child." But the father cannot use his incarceration

---

[2] When asked if he had ever met A.D., the father testified, "One time I had him for a night or two, but he was just a baby when I had him."

as a justification for his lack of relationship with A.D. *See In re A.M.*, No. 20-1378, 2021 WL 377103, at *6 (Iowa Ct. App. Feb. 3, 2021). And "[c]hildren should not be forced to wait for their parent to be able to care for them, particularly when we have so little evidence to rely upon to believe the circumstances will be different in six months." *In re M.M.*, No. 15-0214, 2015 WL 1332330, at *2 (Iowa Ct. App. Mar. 25, 2015). Additional time is not warranted.

We affirm the termination of A.D.'s father's parental rights.

**AFFIRMED ON BOTH APPEALS.**